25-98-cv
*Baptiste v. City Univ. of N.Y.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-six.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

—————————————————————————

Michele A. Baptiste,

>    *Plaintiff-Appellant,*

>    v.                                                              25-98

The City University of New York, Vincent Boudreau, in his individual and official capacity,

>    *Defendants-Appellees.*

—————————————————————————

1

FOR PLAINTIFF-APPELLANT: Michele A. Baptiste, pro se, Garden City, NY.

FOR DEFENDANTS-APPELLEES: Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, Gillian Barna, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michele A. Baptiste, pro se,[1] appeals from the district court's judgment granting summary judgment to her former employer in her employment discrimination and retaliation action. In April 2022, Baptiste—through counsel—sued the City University of New York ("CUNY") and the president of the City College of New York ("City College"), Vincent Boudreau. She alleged that Boudreau fired her from her position as Dean of Diversity, Compliance, and Faculty Relations at City College, a role in which she oversaw City College's Office of Diversity and Compliance, in retaliation for her opposing discriminatory acts. The district court granted Defendants' motion for

---

[1] Baptiste is an attorney.

summary judgment, dismissing Baptiste's federal retaliation claims under the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1981 with prejudice, and declining to exercise supplemental jurisdiction over her New York City Human Rights Law ("NYCHRL") retaliation claim. *Baptiste v. City Univ. of N.Y.*, 22-CV-2785 (JMF), 2024 WL 5046707, at *7 (S.D.N.Y. Dec. 9, 2024).[2] The district court concluded that, even assuming that Baptiste made a prima facie showing of retaliation, Defendants submitted evidence that she was fired for poor performance, and Baptiste failed to submit evidence from which a rational trier of fact could conclude that this reason was pretextual. *Id.* at *5–*6. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of N.Y.*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

---

[2] Earlier in the litigation, the district court dismissed some of Baptiste's claims under Federal Rule of Civil Procedure 12(b)(6). *Baptiste v. City Univ. of N.Y.*, 680 F. Supp. 3d 415, 427 (S.D.N.Y. 2023). Baptiste's appellate brief does not address those claims; she has abandoned any related arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

The district court properly granted Defendants' motion for summary judgment on Baptiste's retaliation claims under the Rehabilitation Act and § 1981. Retaliation claims under both statutes are governed by the *McDonnell Douglas* burden-shifting framework. *See Treglia v. Town of Manlius*, 313 F.3d 713, 719–21 (2d Cir. 2002) (Rehabilitation Act); *Littlejohn v. City of N.Y.*, 795 F.3d 297, 315 (2d Cir. 2015) (§ 1981). "Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Treglia*, 313 F.3d at 721. "If a defendant meets this burden, 'the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation.'" *Id.* (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)).

Here, even assuming that Baptiste established a prima facie case of retaliation, the district court was correct that Defendants met their burden of offering "a legitimate, non-retaliatory reason" for firing Baptiste. *Id.* They asserted that she was fired for poor performance and submitted ample evidence in support. That evidence included two federal investigations by the Department of Education's Office of Civil Rights ("OCR"), each of which concluded that Baptiste's office had not timely or adequately investigated internal complaints of discrimination during her tenure as Dean of Diversity.

The district court also correctly concluded that Baptiste failed to "point to evidence that would be sufficient to permit a rational factfinder to conclude that [Defendants']

4

explanation [was] merely a pretext for impermissible retaliation." *Id.* (cleaned up). Baptiste first argued, and maintains on appeal, that Boudreau never gave her performance feedback, and that Defendants offered no contemporaneous writings or other evidence supporting that CUNY was concerned about her performance. But Baptiste admitted that Boudreau discussed the OCR's findings with her.

Baptiste also argues that, to the extent her office performed poorly, the poor performance was caused by Boudreau's purported understaffing and lack of support for the office as a pretext to fire her. But the evidence established that Baptiste's poor performance began before Boudreau's tenure as president. The first adverse OCR decision, for instance, concerned conduct that occurred before Boudreau assumed his role as interim President in November 2016. And, as Baptiste admitted, an internal review of her office's handling of complaints during the 2015–16 period uncovered at least five cases in which her office had provided incomplete reports of results to the parties involved.

Baptiste further asserted, and maintains on appeal, that Boudreau's (assertedly) changing explanations for firing her—purportedly reflected in union meeting minutes from after her firing and a subsequent email Boudreau sent to staff—demonstrated that the proffered justification of performance issues was pretextual. The district court was correct that this evidence, even if admissible, did not reflect that Defendants offered changing explanations of Baptiste's firing. Neither the union meeting minutes from the

5

day of Baptiste's firing nor the email offered a reason for firing Baptiste. Baptiste has thus not shown that Defendants offered shifting accounts of her termination.

Finally, Baptiste does not challenge the district court's decision to decline to exercise supplemental jurisdiction over her NYCHRL retaliation claim, which the court dismissed without prejudice. She has therefore abandoned any related arguments. *See LoSacco*, 71 F.3d at 92–93.

We have considered Baptiste's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
